ELLIS GEORGE LLP
Eric M. George (State Bar No. 166403)
  egeorge@ellisgeorge.com
Christopher W. Arledge (State Bar No. 200767)
  carledge@ellisgeorge.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff The Liberty
Company Insurance Brokers, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE LIBERTY COMPANY INSURANCE BROKERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-4912<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br><br>**(2) CANCELLATION OF TRADEMARK REGISTRATION NO. 6,547,887**<br><br>**DEMAND FOR JURY TRIAL** |

3141276.1

COMPLAINT

## COMPLAINT

Plaintiff The Liberty Company Insurance Brokers, LLC ("Plaintiff" or "The Liberty Company"), alleges as follows as its complaint against defendant Liberty Mutual Insurance Company ("Defendant" or "LiMu"):

**The Parties**

1. The Liberty Company is a limited liability company organized under the laws of the state of Delaware with offices nationwide, including in Woodland Hills, California.

2. The Liberty Company is informed and believes and on that basis alleges that LiMu is a corporation organized under the laws of the state of Massachusetts and based in Boston, Massachusetts.

**Jurisdiction and Venue**

3. This is a complaint for declaratory relief under the trademark laws of the United States and a civil action for cancellation of United States Patent and Trademark Office ("USPTO") Registration No. 6,547,887. This Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1338(a) and 15 U.S.C. section 1121(a).

4. This Court has personal jurisdiction over LiMu because LiMu has had substantial, continuous, and systematic contacts with California, LiMu is registered with the California Department of Insurance to transact business in this state, LiMu conducts substantial business in this state through both its interactive website and contracts with policyholders in this state, and this case arises out of LiMu's forum-related acts, including directing cease-and-desist letters to The Liberty Company in California, which LiMu knew would have the effect of causing harm to The Liberty Company in this state.

5. Venue is proper in this district under 28 U.S.C. sections 1391(b) and (c) in that this Court has personal jurisdiction over LiMu and a substantial part of the events or omissions giving rise to the claim occurred in this district.

3141276.1

-2-

COMPLAINT

**Factual Allegations**

**The Liberty Company and LiMu are two of many companies in the insurance industry that use the word "Liberty" in their marketing and branding.**

6.      The Liberty Company is one of the leading risk management and insurance brokers in the country.  Founded in 1987 by Bill Johnson, The Liberty Company assists customers with a variety of needs, including commercial insurance, personal insurance, employee benefits, and business solutions, including for example HR services, strategic planning, leadership training, and retirement solutions.

7.      The Liberty Company has continuously used the phrase THE LIBERTY COMPANY and variations thereof to market its services and identify its business for nearly 40 years.

8.      For over two decades, The Liberty Company has owned and operated the website, www.libertycompany.com, which for many years has featured not only the trade name THE LIBERTY COMPANY, but also the word LIBERTY in isolation.  Below is a screenshot from The Liberty Company's current home page.



9.      For many years, The Liberty Company has used not only the trade name THE LIBERTY COMPANY, but also the word LIBERTY in isolation in a variety of marketing materials, including but not limited to e-mails, brochures,

videos, and advertisements.

10.    LiMu is a well-known insurance carrier that advertises via the website www.libertymutual.com, which features LiMu's logo:



11.    LiMu's advertising regularly features both the name LIBERTY MUTUAL INSURANCE and/or LIBERTY MUTUAL and/or either or both of those names along with a graphic image of the Statue of Liberty.  For example, LiMu's instagram and facebook accounts are @libertymutual, and the shirt worn by the LiMu and Doug characters in LiMu's extensive advertising campaigns are emblazoned with the Liberty Mutual Insurance logo depicted above.

12.    Upon information and belief, The Liberty Company began using the word LIBERTY in isolation in its marketing and branding before LiMu began using the word LIBERTY in isolation in its marketing and branding.

13.    The Liberty Company and LiMu are not the only businesses to have used the word "Liberty" for marketing and/or selling insurance and/or risk management-related products or services.  There are a variety of other companies in the insurance or risk management-related industry incorporating the word "Liberty" into their trade names and marketing.  Below are a few examples:

**www.libertyinsurance.com**



**www.libertyins.com**



**www.lbig.com**



**www.libertychoiceinsurance.com**



**www.libertyautoinsurancellc.com**



**LiMu has known of and acquiesced to The Liberty Company's use of "Liberty" in its marketing and branding for decades.**

14. For decades, LiMu has known of The Liberty Company and its use of the word "Liberty" in its marketing and branding.

15. The Liberty Company has brokered millions of dollars' worth of LiMu insurance policies over the years.

16. The Liberty Company is well-known in the insurance and risk management brokerage industry, and The Liberty Company has engaged in

3141276.1

-5-

COMPLAINT

extensive nationwide marketing and branding with the word "Liberty" for many years.

17.     In fact, in 2007, counsel for LiMu sent a cease-and-desist letter to The Liberty Company.  In the letter, LiMu objected to The Liberty Company's use of the phrase "Liberty Company" and imagery featuring the Statue of Liberty.  After further back-and-forth between the companies, LiMu acquiesced to The Liberty Company's use of "Liberty Company" in exchange for The Liberty Company agreeing not to use Statue of Liberty imagery.

18.     Nearly a decade later, in 2016, LiMu again complained to The Liberty Company about use of a Statute of Liberty design.  LiMu referenced the parties "agreement" wherein, among other things, LiMu had agreed to forgo any objection to The Liberty Company's use of the word "Liberty" if The Liberty Company forewent use of a Statute of Liberty design.

19.     Despite its awareness of The Liberty Company's extensive and ongoing use of the word "Liberty"—including in isolation—LiMu did not object to that use, but rather agreed to the use.

**LiMu files an intent-to-use trademark application for the word LIBERTY in isolation and obtains a registration through fraud on the USPTO.**

20.     In May 2017, LiMu filed an application to register with the USPTO the word LIBERTY for "insurance underwriting services for all types of insurance; insurance consultancy; insurance information services; insurance administration." LiMu filed the application under section 1B, meaning that LiMu had "an intent to use the mark in commerce" in the future.

21.     The USPTO issued an Office Action in which it initially rejected LiMu's application on the basis that there was a likelihood of confusion with preexisting registered marks in the insurance industry, including LIBERTY ASSURANCE GROUP, LIBERTY NATIONAL, LIBERTY NATIONAL LIFE, and LIBERTY DENTAL PLAN, as well as preexisting applied-for marks in the

same industry, including LIBERTY GROUP FUNDING, LIBERTY DENTAL INSURANCE COMPANY, and LIBERTY BANKERS LIFE INSURANCE COMPANY.

22.    In response to the Office Action, LiMu noted that there are "many LIBERTY marks on the Principal Register, which makes the field 'crowded'" . . . and "[i]n a crowded field customers are less likely to be confused between any two marks and are more likely to be attuned to slight differences between marks."  LiMu also argued that consumers of its services and consumers of the services offered by other insurance-related companies using the word "Liberty" are "sophisticated" and thus less likely to be confused by concurrent use of the word Liberty.  LiMu also posited that "[c]onsumers considering their insurance options will distinguish between a small company offering a limited array of insurance products and services and [LiMu], a large, well-known company."

23.    Through the aforementioned representations, LiMu convinced the USPTO to allow LiMu's trademark application for LIBERTY to proceed through publication and allowance.

24.    After the USPTO allowed the application, LiMu filed multiple requests for extensions of time to file a Statement of Use.  In support of those requests, LiMu stated that it had "a continued bona fide intention" to use the mark in commerce, but needed more time to do so.  In support of its December 10, 2019 Extension Request, LiMu represented that it had made "the following ongoing efforts to use the mark in commerce on or in connection with each of those goods/services covered by the extension request:  product or service research or development; market research."  LiMu made similar representations in support of Extension Requests dated June 8, 2020, December 10, 2020, and June 10, 2021.

25.    LiMu eventually filed a Statement of Use on August 31, 2021.  The specimen submitted by LiMu appeared to be dated November 2020, which is well after The Liberty Company had begun using the word LIBERTY in its marketing

and branding.  Despite the date of the specimen and LiMu's prior representations that it merely had an intent to use the LIBERTY mark in the future, LiMu represented that it had been using the mark since at least as early as 1997.

26.　Upon information and belief, LiMu had not been using the mark LIBERTY in isolation continuously since 1997.  Upon information and belief, LiMu knew that The Liberty Company had used the mark LIBERTY in isolation prior to LiMu but failed to disclose that information to the USPTO.  Upon information and belief, LiMu knew that The Liberty Company had superior rights in the LIBERTY mark and nevertheless failed to disclose that information to the USPTO in order to procure a registration to which it was not entitled.

27.　The USPTO issued LiMu a registration for the mark LIBERTY on November 2, 2021, which was assigned Registration Number 6,547,887 (hereinafter the "Registration").

**LiMu Sends a Cease-and-Desist Letter in Which it Demands that The Liberty Company Stop Using the Word "Liberty".**

28.　On April 8, 2026, counsel for LiMu sent a cease-and-desist letter via UPS Overnight to The Liberty Company's offices in Woodland Hills, California.

29.　In the letter, LiMu stated that it "will no longer tolerate The Liberty Company's use of the term 'Liberty' in its tradename or trademark for use in connection with insurance and related services."  Although LiMu offered to discuss "a commercially reasonable amount of time for The Liberty Company to complete the transition to a new name and mark," LiMu expressed zero flexibility as to continued use of the word "Liberty."  A follow-up communication between counsel confirmed the same.

30.　The Liberty Company thus has been left with no choice but to bring this lawsuit in which it seeks declaratory relief and cancellation of LiMu's Registration.

**Claim No. 1:  For Declaratory Relief**

31.     The Liberty Company incorporates by reference each and every allegation contained in the preceding and following paragraphs.

32.     LiMu claims that The Liberty Company's use of the word "Liberty" infringes upon its trademark rights and has demanded that The Liberty Company stop using the word altogether.

33.     The Liberty Company claims that The Liberty Company's use of the word "Liberty" does not infringe upon LiMu's trademark rights because there is no likelihood of confusion, The Liberty Company is the senior user of the mark LIBERTY in isolation, LiMu acquiesced to The Liberty Company's use of the word "Liberty" in its marketing, LiMu is estopped from asserting that The Liberty Company's use of the word "Liberty" in its marketing infringes upon LiMu's trademark rights, and the doctrine of laches bars any claim that LiMu has against The Liberty Company for trademark infringement or unfair competition.

34.     An actual and justiciable controversy exists between LiMu and The Liberty Company as to the aforementioned issues.

35.     The Liberty Company has a reasonable apprehension of suit because of LiMu's April 8, 2026 cease-and-desist letter and follow-up communications related thereto.

36.     Pursuant to 28 U.S.C. sections 2201 and 2202, a declaratory judgment is necessary to resolve the parties' disputes over their respective rights and claims.

**Claim No. 2:  For Cancellation of Registration No. 6,547,887**

37.     The Liberty Company incorporates by reference each and every allegation contained in the preceding and following paragraphs.

38.     The Liberty Company has a real interest in the cancellation of the Registration as LiMu has contended that The Liberty Company infringes upon the registered mark, and The Liberty Company has spent substantial time and money for decades marketing with the name "Liberty".

39.    Upon information and belief, The Liberty Company owns superior rights in the LIBERTY mark that is the subject of the Registration, LiMu was aware of The Liberty Company's superior rights when applying to register the mark, and LiMu engaged in fraud on the Patent and Trademark Office in acquiring the Registration.

40.    Pursuant to 15 U.S.C. sections 1119-1121, The Liberty Company requests that the Court order the cancellation of the Registration and award damages sustained in consequence of LiMu's wrongful registration, including but not limited to fees and costs incurred as a result of the wrongful registration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1.    A declaration from the Court that The Liberty Company's use of the word LIBERTY does not infringe upon any right owned by LiMu and/or that LiMu's claims of infringement are barred by the doctrines of estoppel, acquiescence, and/or laches.

2.    A declaration from the Court that The Liberty Company is the senior user of the word LIBERTY in isolation for use with insurance-related goods and services.

3.    An Order to the Director of the USPTO to cancel Registration No. 6,547,887.

4.    Monetary damages in an amount to be determined at trial.

5.    Reasonable attorney's fees, costs and expenses.

6.    Such other relief as the Court deems just and proper.

3141276.1

-10-

COMPLAINT

DATED:  May 6, 2026

ELLIS GEORGE LLP
Eric M. George
Christopher W. Arledge
Keith J. Wesley

By: _____/s/Keith J. Wesley_____
Keith J. Wesley
Attorneys for Plaintiff The Liberty
Company Insurance Brokers, LLC

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 3(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial of all issues that may be tried by a jury in this action.

DATED:  May 6, 2026                    ELLIS GEORGE LLP
                                       Eric M. George
                                       Christopher W. Arledge
                                       Keith J. Wesley


                              By:    _____/s/Keith J. Wesley_____
                                       Keith J. Wesley
                                       Attorneys for Plaintiff The Liberty
                                       Company Insurance Brokers, LLC

3141276.1                              -12-
                                      COMPLAINT